IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA K. RIDLEY                                                                                          PLAINTIFF

V.                                    CIVIL NO. 2:20-cv-2007-MEF

ANDREW M. SAUL, Commissioner
Social Security Administration                                                                       DEFENDANT

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court does not find substantial evidence to support the ALJ's RFC determination in this case. The ALJ considered evidence of Plaintiff's upper extremity impairment, concluding that the impairments in her right upper extremity, resulting from a right elbow dislocation and carpal tunnel syndrome, were severe; however, he dismissed the assessment of treating Nurse Practitioner Christina Metcalf, who concluded Plaintiff could lift and carry less than 10 pounds and, sit, stand, and walk about 5-6 hours in an 8-hour workday. Nurse Metcalf's assessment is well supported by

her own exams, documenting a limited range of motion in Plaintiff's right upper extremity, as well as the exams of Dr. John Finck and Dr. Holly Jumper documenting the same. Dr. Jumper also noted some limitation in Plaintiff's fine motor movement, dexterity, and the ability to grasp objects with her right hand.

Despite this evidence, the ALJ concluded Plaintiff could perform medium work with frequent handling and fingering. Medium work requires the ability to lift and/or carry 25 pounds frequently and 50 pounds occasionally. The term frequent is defined as an activity that occurs between one-third and two-thirds of the time. The vocational expert testified that there would be no medium level jobs available to the Plaintiff if she were unable to frequently handle and finger with her right hand. As such, the Court does not find substantial evidence in the record to support the ALJ's RFC determination. Therefore, remand is necessary to allow the ALJ to reconsider Plaintiff's RFC.

IT IS SO ORDERED AND ADJUDGED on this 16th day of November 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE